```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| LILLIAN FOSTER, | CIVIL ACTION NO. 04-101 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| NEW JERSEY DEPARTMENT OF TRANSPORTATION, et al., |  |
| Defendants. |  |

**COOPER, District Judge**

The plaintiff pro se — Lillian Foster — brought this action ("Federal Action"), inter alia, to recover damages for employment discrimination. The defendants — (1) New Jersey Department of Transportation ("NJDOT"), (2) Nicholas Monahan, an employee of NJDOT, (3) Gregory B. Vida, an employee of NJDOT, (4) New Jersey Department of Labor ("Labor Department"), and (5) Joseph J. Doherty, an employee of the Labor Department — move to dismiss the complaint. (Dkt. entry no. 37.) Foster cross-moves for miscellaneous relief. (Dkt. entry no. 41.) The Court will:

(1) deny as moot the part of the motion seeking relief for (a) NJDOT as to certain claims, and (b) Monahan;

(2) deny without prejudice the part of the motion seeking relief for NJDOT and Vida as to the claims asserted against them to recover damages for defamation;

(3) grant the part of the motion seeking dismissal of the complaint insofar as asserted against the Labor Department and Doherty under federal law;

(4) deny without prejudice the part of the motion seeking dismissal of the complaint insofar as asserted against the Labor Department and Doherty under state law;

(5) deny the cross motion; and

(6) dismiss the claims asserted against (a) NJDOT and Vida to recover damages for defamation, and (b) the Labor Department and Doherty under state law, without prejudice to reinstate in state court.

## BACKGROUND

Foster, a former NJDOT employee, claims she (1) is Jewish, (2) has bipolar disorder, and (3) suffered discrimination at NJDOT due to her religion and mental disability. (Compl., at 2,4.) The parties fail to provide a succinct time-line of relevant facts underlying her claims. The Court provides the following.

### I.   August 2002

Foster was terminated from her NJDOT employment following a proceeding brought before the New Jersey Merit System Board ("MSB"). But the MSB deemed her to have resigned in good standing because her misconduct at issue was caused by "her mental disorder," and thus the penalty of removal would be too harsh. (Id. at 9; see 5-24-05 Pl. Aff., Ex. S, 8-6-02 MSB Dec.)

Foster brought an action in New Jersey Superior Court soon thereafter ("State Court Action") against, among others, NJDOT and Monahan, inter alia, to recover damages for employment discrimination. (5-10-04 Lim Aff., Ex. F, 8-02 State Ct. Compl.)

2

**II.   November - December 2002**

Foster, while the State Court Action was pending, sought to be reinstated to NJDOT employment by Monahan in November 2002. (Compl., at 10; see 5-24-04 Pl. Aff., Ex. G, 11-22-02 Letter.) She also took an exam for a position with the Labor Department in December 2002.  (Compl., at 10.)

**III. January - October 2003**

Foster filed a charge with the Equal Employment Opportunity Commission ("EEOC") in January 2003 concerning the termination of her NJDOT employment ("First Charge").  (Compl., at 3.)  A copy of the First Charge has not been provided, but Foster apparently asserted violations of federal law under the Americans with Disabilities Act ("ADA") only.

The Superior Court granted a motion to dismiss the complaint in the State Court Action — to which Foster filed opposition papers — in March 2003, and denied her motion for reconsideration in June 2003.  (See 5-10-04 Lim Aff., Exs. A & B, 3-03 Ord. (noting Foster opposed motion) & 6-03 Ord.)  Foster apparently did not appeal from either order to the New Jersey Appellate Division.

Further administrative proceedings were being conducted while the State Court Action was pending.  Those proceedings culminated in yet another MSB decision, dated August 15, 2003, wherein NJDOT's refusal to reinstate her was upheld ("August 2003 MSB Decision").  (5-24-05 Pl. Aff., Ex. U, 8-15-03 MSB Dec.)

Foster was bypassed twice for employment with the Labor Department in September 2003 ("2003 Labor Bypasses"). (5-24-05 Pl. Aff., Ex. Y, 5-18-05 MSB Dec., at 1-2.) Foster "appealed" those "bypasses to the Division of Human Resource Information Services (HRIS)." (Id. at 2.) However, in a "decision dated October 21, 2003, HRIS found" that the bypasses were proper. (Id.)

Vida — rather than Monahan — denied Foster's reinstatement request in October 2003. Vida asserted that the MSB's decision to deem her to have resigned in good standing was not reached in order to allow her to obtain employment with NJDOT again. (See 5-24-04 Pl. Aff., Exs. G-4 & G-6, 10-03 Vida Letters.)

**IV.   November 2003**

Foster received a right-to-sue notice upon her First Charge. (Compl., Ex. A.) The notice listed the ADA only. (Id.)

**V.   December 24, 2003**

Foster filed an EEOC charge concerning the 2003 Labor Bypasses ("Second Charge"). (3-18-05 Pl. Br., at 8; 3-18-05 Pl. Aff., Ex. L., 12-24-03 Charge.) She asserted the Labor Department discriminated against her for "disability" — specifically "biological mental disability/bipolar disorder" — only; she raised no other allegations. (Id.)

**VI.   January - June 2004**

    **A.   Federal Action**

Foster brought the Federal Action on January 12, 2004. She asserts four counts:

4

- First Count: apparent claims against NJDOT and Monahan for damages related to employment discrimination;
- Second Count: apparent claim for intentional infliction of emotional distress against NJDOT;
- Third Count: apparent claim for defamation against NJDOT and Vida; and
- Fourth Count: apparent claims under state law, the ADA, and Title VII of the Civil Rights Act of 1964 ("Title VII") against the Labor Department and Doherty, alleging the 2003 Labor Bypasses were caused by "unlawful handicap/religion based employment discrimination." (Compl., at 2,10.)

### B. Labor Department

Foster was bypassed again by the Labor Department on January 12, 2004, and February 7, 2004 ("2004 Labor Bypasses"). (5-18-05 MSB Dec., at 2.) In a "decision dated March 12, 2004, HRIS . . . determined" that the 2004 Labor Bypasses were proper. (Id.)

Foster apparently appealed from the 2003 and 2004 Labor Bypasses to the MSB. (Id.) But "the Division of Merit System Practices and Labor Relations[, i]n a letter dated on May 7, 2004 . . . advised [Foster] that her appeals would not be forwarded to the [MSB]." (Id.) Foster then "filed an appeal with the [New Jersey] Appellate Division." (Id.)

### C. NJDOT

In June 2004 — according to Foster — she appealed to the Appellate Division from the August 2003 MSB Decision and from

5

decisions in follow-up proceedings concerning NJDOT's refusal to reinstate her. (6-28-04 Pl. Br., at 5, 11.)

**VII. July 2004**

This Court, after issuing an order to show cause, ordered that the claims asserted against NJDOT and Monahan in the First Count and Second Count be dismissed as barred by the Rooker-Feldman doctrine[1] ("July 2004 Order"). (7-20-04 Ord.) The Court found that those claims had — or could have — been adjudicated in the State Court Action or other actions or proceedings related to MSB decisions. (Id.) However, the Court did not dismiss the Third Count and Fourth Count, as they asserted claims that (1) arose after the adjudication in the State Court Action, and (2) appeared not to be the subject of other pending proceedings. (Id.)[2]

**VIII. January - February 2005**

The Magistrate Judge held a conference on January 26, 2005, wherein Foster stated that she lacked notice of the right to sue upon the Second Charge. (Dkt. entry no. 36, Recording of 1-26-05 Status Conf.) On February 28, 2005, the defendants moved to dismiss the complaint, arguing Foster failed to exhaust her administrative remedies. (Dkt. entry nos. 37,40.)

---

[1] See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 & n.16 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923).

[2] The Court directed that the action be terminated as to NJDOT, but a claim against NJDOT remains in the Third Count. The Court will amend the July 2004 Order accordingly.

**IX.   March 4, 2005**

Foster — more than one year after she commenced the Federal Action, and four days after the defendants moved to dismiss the complaint — received a right-to-sue notice upon the Second Charge.  (3-18-05 Pl. Aff., Ex. N.)  The notice states Foster has a "right to institute a civil action under Title I of the [ADA] against [the Labor Department]."  (Id.)[3]

**X.   April - May 2005**

   **A.   NJDOT**

The Appellate Division affirmed the August 2003 MSB Decision on April 5, 2005.  (Dkt. entry no. 48, 4-6-05 Pl. Letter, Ex. A.) Foster asserts that she intends to move for reconsideration of that Appellate Division order and then appeal therefrom to the New Jersey Supreme Court.  (4-6-05 Pl. Letter, at 1.)

   **B.   Labor Department**

The Appellate Division remanded the 2003 and 2004 Labor Department Bypasses matter to the MSB in April 2005.  (5-18-05 MSB Dec., at 2-3.)  The MSB then upheld the Labor Department Bypasses

---

[3] The EEOC and the New Jersey Division on Civil Rights ("NJDCR") have a worksharing agreement.  See Hightower v. Roman, Inc., 190 F.Supp.2d 740, 747-49 (D.N.J. 2002); United States v. Bd. of Educ., 798 F.Supp. 1093, 1095 n.1 (D.N.J. 1992).  Foster filed a Request For Withdrawal Of Charge with the NJDCR.  (3-18-05 Pl. Aff., Ex. M, 4-26-04 Pl. Req. & 5-4-04 NJDCR Wdrwl. Not.)  But that withdrawal — due to the issuance of the right-to-sue notice — is of no moment.  See Hightower, 190 F.Supp.2d at 748-49 (stating — where plaintiff notified of right to sue — request to NJDCR to withdraw charge did not constitute effective withdrawal of EEOC matter, as request not effective unless EEOC consents expressly).

on May 18, 2005, finding no discriminatory intent ("May 2005 MSB Decision"). (5-18-05 MSB Dec., at 3-4.) It appears that Foster sought reconsideration of the May 2005 MSB Decision on May 23, 2005. (5-24-05 Pl. Aff., Ex. Y, 5-23-05 Letter.)

### C. Cross Motion

Foster filed a cross motion in the Federal Action on May 24, 2005. (Dkt. entry no. 41.) She seeks, inter alia, to (1) amend the complaint to add the MSB as a defendant, and (2) compel the MSB to (a) "refrain from not upholding the United States Constitution," and (b) "return[]" her to employment with NJDOT. (5-24-05 Pl. Br., at 30-31.)

## DISCUSSION

### I. Monahan And NJDOT

The Court dismissed the claims insofar as asserted against Monahan in the First Count and Second Count as being barred by the Rooker-Feldman doctrine. There are no claims asserted against Monahan remaining here. Thus, the Court will deny as moot the part of the motion seeking relief on Monahan's behalf.

The Court dismissed the claims asserted against NJDOT in the First Count and Second Count as being barred by the Rooker-Feldman doctrine also. Thus, the Court will deny as moot the part of the motion seeking relief for NJDOT as to those claims.

The First Count and Second Count also appear to be barred by collateral estoppel, or issue preclusion. Here, (1) the same

8

issues decided in the State Court Action were raised in the First Count and Second Count, (2) the adjudication in the State Court Action was final and on the merits, (3) Foster, NJDOT, and Monahan were parties in the State Court Action, and (4) Foster had a full and fair opportunity to litigate in state court. See Bd. of Tr. of Trucking Employees of N. Jersey Welfare Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992).

The First Count and Second Count also appear to be barred by res judicata, or claim preclusion. Here, (1) the adjudication in the State Court Action was valid, final, and on the merits, (2) the parties are the same, and (3) the claims in the First Count and Second Count arise from the same conduct raised in the State Court Action. See Sibert v. Phelan, 901 F.Supp. 183, 186 (D.N.J. 1995). To the extent that the First Count and Second Count raise issues that have not been litigated, those issues are foreclosed because they "should have been advanced in an earlier suit." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).[4]

---

[4] It also appears the First Count is barred by Younger abstention. Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971). Foster has been litigating her claims against NJDOT in the state courts while the Federal Action has been pending, e.g., the Appellate Division issued an order on April 5, 2005, addressing the August 2003 MSB Decision. To the extent the First Count may appear to assert a claim against Vida (see Compl., at 11), it is barred by collateral estoppel and res judicata as well. Vida, an employee of NJDOT, is in privity with NJDOT.

## II. Claims Under Federal Law Against Labor Department And Doherty
### A. Title VII
#### 1. Exhaustion of administrative remedies

A court may dismiss a Title VII claim if the plaintiff has failed to exhaust all administrative remedies, including timely filing a specific charge with the EEOC and receiving notice of the right to sue.  42 U.S.C. § 2000e-5.  However, a court may excuse a plaintiff from the exhaustion requirement if the conduct alleged therein is "fairly within the scope of [a] prior EEOC [charge], or the investigation arising therefrom."  Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996).

#### 2. The claim

Foster's Second Charge — and apparently her First Charge — alleged disability discrimination only.  The Federal Action complaint, however, alleges the Labor Department and Doherty violated (1) the ADA based on disability discrimination, as well as (2) Title VII based on religion discrimination.

Foster cannot be excused from the exhaustion requirement for the Title VII claim, as religion discrimination is not within the scope of either her Second Charge or its investigation.  See Antol, 82 F.3d at 1295-96 (affirming defendant's summary judgment award on Title VII gender-discrimination claim; plaintiff asserted disability — not gender — discrimination in EEOC charge).  The facts associated with Foster's religion are distinct from those associated with her disability, and thus she did not announce she

10

allegedly suffered religion discrimination when seeking employment with the Labor Department.  See Santiago v. City of Vineland, 107 F.Supp.2d 512, 528-29 (D.N.J. 2000) (granting defendant summary judgment as to Title VII race-discrimination claim, as plaintiff filed disability-discrimination charge only; noting plaintiff checked only the "Disability" box on charge and allegations referred only to disability discrimination).

Foster's responses — she (1) is seeking to have her right-to-sue notice amended almost two years after she (a) filed the Second Charge, (b) brought the Federal Action, and (c) was last bypassed by the Labor Department, and (2) forgot to indicate religion discrimination due to "the pending Christmas holiday" (8-25-05 Pl. Letter to NJDCR; 9-14-05 Pl. Letter) — are without merit.  The attempt to amend the right-to-sue notice is untimely, as (1) the last Labor Department Bypass occurred in February 2004, and (2) the investigation resulting from her Second Charge was closed in March 2005 when the right-to-sue notice was issued. See Spindler v. Se. Pa. Transp. Auth., No. 02-1184, 47 Fed.Appx. 92, 93-94 (3d Cir. Sept. 13, 2002) (affirming defendant's summary judgment award on Title VII claim, as plaintiff (1) filed EEOC charge only as to disability, which did not fairly encompass racial discrimination, and (2) failed to allege racial discrimination before (a) limitation period under 42 U.S.C. § 2000e-5(e) expired, and (b) investigating agency closed matter); Longoria v. N.J., 168 F.Supp.2d 308, 314-15 (D.N.J. 2001) (granting motion to dismiss, as

11

plaintiff could not cure failure to file charge before bringing Title VII claim by filing charge after civil action commenced). The Court will grant the part of the motion seeking dismissal of the Title VII claim asserted against NJDOT and Doherty.[5]

### B. ADA

#### 1. Administrative remedies exhausted

Foster exhausted administrative remedies as to her ADA claim against the Labor Department and Doherty, even though she received a right-to-sue notice while the Federal Action was pending. See Anjelino v. N.Y. Times, 200 F.3d 73, 96 (3d Cir. 2000) (stating failure to obtain right-to-sue notice is curable during action's pendency); Gooding v. Warner-Lambert Co., 744 F.2d 354, 358 n.5 (3d Cir. 1984) (same); Jamison v. Rent-A-Center, No. 05-26, 2005 WL 1801686, at *2 n.1 (D. Del. Aug. 1, 2005) (stating plaintiff, who brought civil action while EEOC charge pending, cured deficiency by obtaining notice while action pending).[6]

#### 2. The claim

Foster's disability-discrimination claims against the Labor Department and Doherty fall under Title I of the ADA, as they

---

[5] The Title VII claims insofar as asserted against Doherty also are barred because there is no individual liability under Title VII. See Newsome v. Admin. Off. of Courts, No. 00-4327, 51 Fed.Appx. 76, 78 n.1 (3d Cir. Oct. 4, 2002); Cortes v. Univ. of Med. & Dentistry of N.J., 391 F.Supp.2d 298, 311 (D.N.J. 2005).

[6] Foster filed the Second Charge on December 24, 2003, and commenced this action in January 2004. The Labor Department bypassed her twice thereafter. Thus, those two later incidents were not included in the Second Charge. But those two incidents were a continuation of the Labor Department's conduct at issue.

12

concern discrimination in employment.  <u>Tenn. v. Lane</u>, 541 U.S. 509, 516 (2004).

An action brought under Title I of the ADA against a state agency is barred by the Eleventh Amendment.  <u>Bd. of Tr. of Univ. of Ala. v. Garrett</u>, 531 U.S. 356, 360, 368, 374 (2001); <u>accord</u> <u>Lane</u>, 541 U.S. at 514 (stating Eleventh Amendment bars private action for state violation of ADA Title I).  That type of action brought against a state official is barred also.  <u>Santiago</u>, 107 F.Supp.2d at 552 (stating ADA Title I does not provide for liability against individual).

Foster's ADA claim here, therefore, is barred.  Thus, the Court will grant the part of the motion seeking dismissal of the ADA claim asserted against the Labor Department and Doherty.[7]

### C. Further Note

The Court, if not granting the part of the motion seeking dismissal of the federal law claims brought against the Labor Department and Doherty, would seek further information on ongoing state-court litigation or administrative proceedings.  In May

---

[7] The complaint cites Title V of the ADA on the first page, but does not assert a claim thereunder. (Compl., at 1.)  But such a claim against the Labor Department and Doherty would be barred by the Eleventh Amendment.  <u>See</u> <u>Demshki v. Monteith</u>, 255 F.3d 986, 988-89 (9th Cir. 2001) (barring claim against state legislative committee under ADA Title V); <u>Cisneros v. Colo.</u>, No. 03-2122, 2005 WL 1719755, at *6 (D. Colo. July 22, 2005) (barring ADA Title V claim based on employment discrimination by state agency and official); <u>Shabazz v. Tx. Youth Comm'n</u>, 300 F.Supp.2d 467, 472-73 (N.D. Tx. 2003) (same).

2005, after the Appellate Division remanded the Labor Department Bypasses matter to the MSB, the MSB issued a decision therein, and then Foster sought reconsideration. The Court would inquire whether (1) an action has been brought in state court from the May 2005 MSB Decision, and (2) these particular claims — in view of the Appellate Division decision or the ongoing dispute — are barred by the Rooker-Feldman doctrine, res judicata, collateral estoppel, or Younger abstention.

### III. Remaining Claims

#### A. Third Count And State-Law Claims In Fourth Count

The Third Count — a state-law claim for defamation against NJDOT and Vida — remains to be addressed. The part of the Fourth Count that presents claims under state law also remains to be addressed. The Court will not exercise supplemental jurisdiction over the Third Count and the state-law claims in the Fourth Count in view of the impending dismissal of the ADA and Title VII claims asserted against the Labor Department and Doherty. See 28 U.S.C. § 1367(c)(3) (authorizing same); Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999) (same). Thus, the Court will (1) deny without prejudice the part of the motion seeking dismissal of the Third Count and the state-law claims in the Fourth Count, and (2) dismiss them without prejudice to reinstate in state court. See 28 U.S.C. § 1367(d) (tolling limitations period for state-law claim dismissed under Section 1367 while claim pending in federal court and for 30 days after dismissal).

### B. Note On Age Discrimination

Foster mentions age discrimination in passing in her papers. (See, e.g., 5-24-04 Pl. Br., at 10.) However, she fails to (1) allege age discrimination in the complaint, or (2) cite a relevant federal law. Thus, the Court surmises that she has not alleged a claim under the Age Discrimination in Employment Act ("ADEA"). See Fed.R.Civ.P. 8(a), 8(e), 10(b) (stating pleading must set forth basis for claim). Even if she had, the Court would dismiss such a claim because she failed to file an EEOC charge, and receive notice of the right to sue, for an ADEA claim. See McCray v. Corry Mfg. Co., 61 F.3d 224, 228 (3d Cir. 1995) (noting ADEA requires plaintiff to be notified of right to sue); Horvath v. Rimtec Corp., 102 F.Supp.2d 219, 230 (D.N.J. 2000). Her Second Charge falls short, as an age-discrimination claim is distinct from one associated with disability. (See supra Discussion, Part II.A.2.) See Douris v. Bucks County, No. 04-232, 2005 WL 226151, at *10 (E.D. Pa. Jan. 31, 2005) (granting part of motion seeking dismissal of ADEA claim, as plaintiff only filed ADA charge). It also appears that an ADEA claim would be barred by the Eleventh Amendment. See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91-92 (2000); Allen v. Egan, 303 F.Supp.2d 71, 76 (D. Conn. 2004).

### IV. Cross Motion

Foster cross-moves, inter alia, to amend the complaint to add the MSB as a defendant. Those proposed claims, if proper, would be barred because the MSB has immunity. See Bennett v. Atl.

15

City, 288 F.Supp.2d 675, 681 (D.N.J. 2003) (stating claim against MSB, as state executive-branch agency, barred by 11th Amendment); Antonelli v. N.J., 419 F.3d 267, 272-73 (3d Cir. 2005) (stating claims against New Jersey Department of Personnel, of which MSB is a part, and its officials barred by 11th Amendment); see also Pollinger v. Loigman, 256 N.J.Super. 257, 264 (App. Div. 1992) (stating MSB issues quasi-judicial decisions); Williams v. Consovoy, 333 F.Supp.2d 297, 299-302 (D.N.J. 2004) (stating quasi-judicial body and members entitled to same immunity for adjudicative acts as judges for acts taken in judicial capacity).

It appears that the proposed claims also would be barred by the Rooker-Feldman doctrine, as Foster actually seeks "what in substance would be appellate review of [state orders and decisions] in a United States district court, based on [her] claim that [the adjudications themselves] violate[] [her] federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994); see Ninal v. Evangelista, No. 04-5718, 2005 WL 2710742, at *4-*5 (D.N.J. Oct. 21, 2005) (stating MSB decision is judicial in nature, and thus is adjudication under Rooker-Feldman doctrine).  It appears the proposed claims also are barred under Younger abstention, as Foster is still litigating the issues apparently presented therein in the state courts.  Thus, the Court will deny the part of the cross motion seeking to amend the complaint, because the proposed claims would be "futile."  Concepcion v. Resnik, No. 05-1840, 143 Fed.Appx. 422, 426 (3d Cir. July 27, 2005).

16

The Court will deny as moot the part of the cross motion seeking other discernable relief. The Court notes the papers in support are rambling and largely incomprehensible, and thus prevent the Court from discerning much of the relief sought.

## CONCLUSION

The Court will:

(1) deny as moot the part of the motion seeking relief for NJDOT and Monahan as to the claims in the First Count and Second Count, as those claims already have been dismissed;

(2) as to the Third Count, (a) deny without prejudice the part of the motion seeking relief therefrom, and (b) dismiss it without prejudice to reinstate in state court;

(3) grant the part of the motion seeking dismissal of the complaint insofar as asserted against the Labor Department and Doherty under the ADA and Title VII;

(4) as to the claims asserted against the Labor Department and Doherty under state law, (a) deny without prejudice the part of the motion seeking relief as to those claims, and (b) dismiss them without prejudice to reinstate in state court; and,

(5) deny the cross motion.

The Court will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge