NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1981

LILLIAN FOSTER,
Appellant

v.

NEW JERSEY DEPARTMENT OF TRANSPORTATION;
NICHOLAS MONAHAN, Manager, ROW;
GREGORY B. VIDA, Director Human Resources, in their official
and individual capacities; NEW JERSEY DEPARTMENT OF LABOR;
JOSEPH J. DOHERTY, Director in his official capacity

Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 04-cv-00101)
District Judge: Honorable Mary L. Cooper

Submitted Under Third Circuit LAR 34.1(a)
November 7, 2007

Before: RENDELL, JORDAN and GARTH, Circuit Judges.

(Filed: November 15, 2007)

OPINION OF THE COURT

PER CURIAM

Lillian Foster appeals pro se from the District Court's dismissal of her complaint.

For the reasons that follow, we will affirm.

I.

Foster, a Jewish woman who suffers from bipolar disorder, was employed by the New Jersey Department of Transportation ("DOT") since 1986. In 2000, following a series of alleged incidents arising from her disorder, the DOT decided to end her employment. The Office of Administrative Law held a hearing and recommended affirming the DOT's decision. On administrative appeal, the New Jersey Merit System Board ("MSB") affirmed, but modified the termination to a resignation in good standing in light of Foster's disability. Foster does not appear to have appealed that decision.

Instead, in August 2002, Foster filed a complaint in New Jersey state court raising claims for wrongful termination and discrimination under the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101, et seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and New Jersey state law. The New Jersey state court granted defendants' motion for summary judgment and dismissed the action with prejudice in March 2003. Foster does not appear to have appealed that decision either.

Thereafter, Foster sought employment with the New Jersey Department of Labor ("DOL"), which declined to hire her. Also, while her state court proceeding was pending, Foster had re-applied for her former position with the DOT in light of the MSB's ruling that she left in good standing. The DOT declined to reinstate her, and received administrative approval to remove her name from the eligibility list for that position. Foster appealed those decisions to the MSB, which affirmed them in March and August

2

2003, respectively. Foster then appealed those rulings in New Jersey state court. In 2005, the Appellate Division affirmed and the New Jersey Supreme Court denied certification.

On January 12, 2004, while those appeals were pending, Foster filed the federal complaint at issue here, complaining generally about (1) the DOT's termination of her employment and refusal to rehire her, and (2) the DOL's refusal to hire her for a different position. Foster alleges that those decisions violated the ADA (on the basis of her bipolar disorder), Title VII (on the basis of her religion), and New Jersey state law. She also named as defendants one DOL employee and two DOT employees, although she makes direct allegations against only one of them (appellee Vida), whom she alleges defamed her in two October 2003 letters. She sought both monetary damages and an injunction requiring the DOT to reinstate her.[1]

The federal defendants moved to dismiss the complaint, arguing that it was barred by res judicata/claim preclusion and collateral estoppel/issue preclusion in light of the state court and administrative proceedings. The District Court denied their motion under the Rule 12(b)(6) standard, but ordered the parties to show cause why the complaint

---

[1] Foster's complaint also alleges that the DOT forced her to take unnecessary leave under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq. The District Court did not address whether Foster had stated an FMLA claim, but she does not raise that circumstance as error on appeal, and thus has waived the issue. We note, however, that forced leave, by itself, does not violate the FMLA. See Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 175 (2d Cir. 2006). In her brief on appeal, Foster also asserts various additional claims that she did not raise in the District Court. Those claims are not properly before us.

should not be dismissed on the basis of those issues as well as the Rooker-Feldman doctrine (drawn from Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)). After receiving the parties' submissions, the District Court dismissed all of the claims against the DOT defendants under the Rooker-Feldman doctrine by order entered July 20, 2004. The District Court allowed the claims against the DOL defendants to proceed, however, because those claims arose after the dismissal of Foster's state court complaint.

The DOL defendants then moved to dismiss the claims against them. By order entered December 27, 2005, the District Court dismissed Foster's remaining federal claims, declined to exercise supplemental jurisdiction over her remaining state law claims, and denied Foster leave to amend her complaint. The District Court denied reconsideration by order entered February 27, 2006. Foster appeals.[2]

II.

A.   Foster's Claims Against the DOT Defendants

The District Court held that it lacks jurisdiction over Foster's claims against the DOT defendants under the Rooker-Feldman doctrine. We disagree. It later suggested,

---

[2]We have jurisdiction pursuant to 28 U.S.C. § 1291. There is some question whether the DOL defendants moved to dismiss under Rule 12(b)(1) or Rule 12(c). The District Court's Rooker-Feldman ruling pursuant to its order to show cause might be construed as a grant of summary judgment. However its rulings are characterized, though, the relevant issues are ones of law, our review of which is plenary. See Fowler-Nash v. Democratic Caucus of Pa. House of Representatives, 469 F.3d 328, 330 n.1 (3d Cir. 2006); Atkinson v. Lafayette Coll., 460 F.3d 447, 451 (3d Cir. 2006).

4

however, that those claims are barred also by res judicata/claim preclusion, and defendants raise that issue on appeal. We will affirm on that alternative basis.[3]

Federal courts are required to give state court judgments the same preclusive effect that courts of the issuing state would give them. See Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 887 (3d Cir. 1997). "Under New Jersey law, res judicata or claim preclusion applies when (1) the judgment in the first action is valid, final and on the merits; (2) there is identity of the parties, or the parties in the second action are in privity with those in the first action; and (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the first action." Jones v. Holvey, 29 F.3d 828, 830 (3d Cir. 1994) (citations omitted).

Each of these elements is present here. First, although the state court's order granting summary judgment does not specify its basis, it clearly operates as a decision "on the merits" under New Jersey law because it dismissed Foster's claims with prejudice

---

[3] Under the Rooker-Feldman doctrine, district courts lack jurisdiction to entertain suits that are, in essence, appeals from state court judgments. After the District Court issued its ruling here, the Supreme Court clarified the narrow scope of the doctrine, explaining that it applies only when a plaintiff asks a district court to redress an injury caused by the state court judgment itself, and not merely when a plaintiff seeks to relitigate in district court a claim or issue already litigated in state court. See Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292-93 (2005); Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547-48 (2006). Here, Foster's complaint merely raised the same claims against the DOT defendants that pre-dated her state court action. The complaint does not mention the state court judgment at all, and does not seek redress for any injury caused by that judgment. Thus, the District Court did not lack jurisdiction under the Rooker-Feldman doctrine, and the effect of the state court judgment is determined by the law of preclusion. See Exxon Mobile, 544 U.S. at 13; Turner, 449 F.3d at 547-48.

(and not without prejudice for lack of jurisdiction, improper venue, or any other reason that does not constitute a ruling on the merits under New Jersey law). See ITT Corp. v. Intelnet Int'l Corp., 366 F.3d 205, 214 & n.17 (3d Cir. 2004); Velasquez v. Franz, 589 A.2d 143, 147-48 (N.J. 1991). Second, the DOT and Monahan were defendants in the state court action. Vida was not so named, but he is in privity with the DOT because Foster's only potential federal claim lies against him in his official capacity. See Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988) (relying on, inter alia, Restatement (Second) of Judgments § 51). See also Nanavati v. Burdette Tomlin Mem. Hosp., 857 F.2d 96, 113 (3d Cir. 1988) (noting New Jersey courts' general reliance on the Restatement (Second) of Judgments). Finally, Foster's claims here are predicated on the same series of events that she alleged in her state court action.[4] Accordingly, the District Court properly dismissed Foster's claims against the DOT defendants.

      B.    Foster's Federal Claims Against the DOL Defendants

On appeal, Foster seeks reinstatement only of her claims against the DOT

---

[4] We recognize that Foster alleges that the DOT refused to rehire her on the basis of her previous employment history in October 2003, after her state court suit had been dismissed in March 2003. The record, however, reveals that the DOT had refused to rehire her on that same basis in both October and December 2002. She thus could have raised that issue in her state court proceeding, and New Jersey's entire controversy doctrine precludes her from raising it now. See Rycoline, 109 F.3d at 885-86. We also note that Foster fully litigated the DOT's refusal to rehire her on the basis of her previous employment history in the MSB, that the MSB ruled that the DOT was justified in refusing to rehire her on that basis, and that the Appellate Division affirmed. We need not decide whether that litigation provides an additional ground for concluding that Foster may not relitigate this component of her claim in federal court.

defendants and has not raised any claim of error as to the District Court's dismissal of her Title VII or ADA claims against the DOL defendants. She has thus waived any potential error in that regard.

### C. Remaining Issues

Accordingly, the District Court properly dismissed Foster's federal claims. Having done so, the District Court acted within its discretion in declining to exercise supplemental jurisdiction over the state-law claims (and Foster does not argue otherwise on appeal). See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 175 (3d Cir. 1999). The District Court also denied Foster leave to amend her complaint to add the MSB and various of its personnel as defendants. For the reasons stated by the District Court, we agree that such amendment would have been futile, and the District Court acted within its discretion in that respect as well. See Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005).

For these reasons, we will affirm the order of the District Court. Foster's request for oral argument is denied.